UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, *et al.*, <br><br> Defendants. | Civil Action No. 24-0454 (DLF) |

### DECLARATION OF LOREE STARK

I, LOREE STARK, hereby declare as follows:

1. I am Senior Counsel at American Oversight and counsel of record for American Oversight in the above-captioned action. I make this declaration based on my personal knowledge and through consultation with my colleagues at American Oversight and review of American Oversight's files.

2. American Oversight is a non-partisan, nonprofit organization primarily engaged in disseminating information to the public and committed to ensuring transparency in government and promoting accountability for government officials.

3. American Oversight analyzes the records it receives and creates explanatory and editorial content on the basis of its findings, and the organization highlights its findings for other media to ensure wide public dissemination. American Oversight also typically posts records it receives from public records requests for free, public viewing on its website. American Oversight disseminates the information it receives in order to facilitate the informed participation of the

American public in self-government, including by ensuring the public has the information it needs to effectively petition its representatives in Congress.

4. American Oversight intends to rapidly disseminate information it receives in response to the FOIA requests that are the subject of this litigation to the public.

5. On March 8, 2024, following an announcement by attorneys for then-Congressman Matt Gaetz that a federal investigation into Gaetz had concluded, American Oversight submitted FOIA requests to the DOJ Criminal Division and the FBI, seeking records relating to any investigations into allegations of sex trafficking or obstruction of justice against Mr. Gaetz, as well as any investigation of other potential violations related to those investigations. The requests sought responsive records from January 1, 2020, through the date the search would be conducted. True and correct copies of those FOIA requests are attached as Exhibits A and B.

6. The DOJ Criminal Division acknowledged American Oversight's request and assigned it an internal tracking number. A true and correct copy of the acknowledgement is attached as Exhibit C.

7. American Oversight did not receive from the DOJ Criminal Division any responsive documents nor an explanation for withholding responsive documents prior to the filing of this suit.

8. The FBI acknowledged American Oversight's request and assigned it an internal tracking number. A true and correct copy of the acknowledgement is attached as Exhibit D.

9. American Oversight received from the FBI a letter dated November 24, 2023, which was purportedly a final response to American Oversight's request, stating that the records were "categorically denied pursuant to FOIA exemptions (b)(6) and (b)(7)(C)," and that American Oversight had "not sufficiently demonstrated that the public's interest in disclosure (relating to the

operations and activities of the government) outweigh the personal privacy interests of these individual(s)." A true and correct copy of that letter is attached as Exhibit E.

10. On December 22, 2023, American Oversight appealed the FBI's adverse determinations, objecting to the agency's improper withholding in full of records under Exemptions (b)(6) and (b)(7)(C) and for its failure to conduct a reasonable search. A true and correct copy of the appeal is attached as Exhibit F.

11. Tracking information for the appeal filed by American Oversight indicates that it was received by the FBI on January 3, 2024. A true and correct copy of the tracking information is attached as Exhibit G.

12. American Oversight did not receive a determination on the appeal within 20 working days of the FBI's receipt of the appeal.

13. On October 25, 2024, American Oversight received a letter from the FBI, informing American Oversight that in its first monthly interim review of documents, all material it had reviewed was "categorically exempt from disclosure pursuant to FOIA Exemptions (b)(6), (b)(7)(c), and underlying FOIA Exemptions (b)(1), (b)(3), (b)(5), (b)(7)(A), (b)(7)(D), and (b)(7)(E)." A true and correct copy of the letter is attached as Exhibit H.

14. On October 25, 2024, I responded via email to an earlier inquiry from counsel for the Defendants relating to a request by the DOJ Criminal Division to narrow the scope of responsive documents.

15. On November 14, 2024, I emailed counsel for Defendants to ask questions relating to the case following President-elect Trump's announcement that he had selected Mr. Gaetz as his nominee for U.S. Attorney General. A true and correct copy of emails between myself and counsel for Defendants between November 14 and the time of this filing is attached as Exhibit I.

16. In the November 14 email, I stated that American Oversight believes there is now "an elevated and significant public interest in the quick release of these records," given the announcement pertaining to Mr. Gaetz.

17. In the same email, I inquired about expedited processing and an agreement to an expedited briefing schedule.

18. In the same email, I also inquired about the FBI's invocation of Exemption 7(A), and asked if the agency could clarify if there is an open investigation into Mr. Gaetz.

19. In the same email, I asked if the Defendants would consider making a discretionary release of any of the documents American Oversight had requested, subject to appropriate redactions for the privacy of any victims or witnesses.

20. On November 15, 2024, I received an email from counsel for Defendants, in which she said that she could send a request for expedited processing directly to the agencies, and that she had a meeting with the FBI on Monday, November 18, and would be back in touch "ASAP." *Id.*

21. On November 18, 2024, I responded, stating that "American Oversight believes that the unusual circumstances and urgency of this matter demand a fast resolution and determination on responsive records," and that I intended to file a Motion for Preliminary Injunction on behalf of the organization, requesting the Court "to order completed processing of the documents, a final determination, and the production of a Vaughn index by December 16, with an expedited briefing schedule on any contested exemptions/withholdings to begin shortly after.

22. In the same email, I asked counsel for Defendants to respond by November 19, 2024, at 5 p.m. with any position that Defendants had on the motion. *Id.*

23. In the same email, I requested clarification again on whether the FBI has an open investigation into Mr. Gaetz, and whether the agency would consider voluntarily disclosing responsive documents, noting that the FBI had made such voluntary disclosures in the past, including when it voluntarily released 302 materials in 2016 following the investigation into former Secretary of State Hillary Clinton's use of a personal email server.[1] *Id.*

24. Counsel for Defendants responded on November 19, 2024, stating that the FBI had finished processing, offering further options for narrowing DOJ's search results, and providing that both agencies would need 90 days to prepare for briefing. *Id.* Counsel for Defendants also stated that the FBI believed that all responsive documents had been appropriately withheld, and that the DOJ anticipated a categorical denial to American Oversight's requests as well. *Id.*

25. I responded the same day, stating that although Plaintiff would be willing to engage in further narrowing discussions, it could not agree to a briefing schedule on Defendants' terms because Mr. Gaetz would likely be overseeing Defendant agencies by that time. I further stated that Plaintiff intended to move forward with the Motion for Preliminary Injunction, and would assume that Defendants opposed the Motion unless counsel for Defendants stated otherwise. *Id.*

26. American Oversight's ability to obtain public records on a prompt basis is crucial to its mission of ensuring transparency into government actions, promoting accountability for government officials, and disseminating information about government activities to the public. Prompt responses to public records requests and timely production of relevant documents are crucial to American Oversight's ability to fulfill its mission.

---

[1] *FBI Releases Documents in Hillary Clinton E-Mail Investigation*, Fed. Bureau Investigation (Sept. 2, 2016), https://www.fbi.gov/news/press-releases/fbi-releases-documents-in-hillary-clinton-e-mail-investigation.

27. The records that American Oversight has requested from the Defendants in this case concern matters of tremendous national importance, and there is an urgent need to inform the public about those matters. American Oversight sought the records at issue to shed light on reported federal investigations into then-Congressman Matt Gaetz, and those records have even greater importance now that Mr. Gaetz has been selected by President-elect Trump as his choice to serve as the next U.S. Attorney General. The prompt disclosure of these documents is further important given that, if confirmed or appointed, Mr. Gaetz will oversee the Defendant agencies that hold these records. American Oversight seeks access to these records to ensure members of the public have as much information as possible on a matter of great public importance, so they can make informed decisions and, if they so choose, petition their Senators concerning Mr. Gaetz's nomination. American Oversight and the public will be irreparably harmed if Defendants do not promptly comply with their statutory obligations to process records responsive to American Oversight's FOIA requests and to promptly produce any non-exempt records to American Oversight.

28. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  November 19, 2024                                /s/ Loree Stark
                                                         Loree Stark